IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL MCDONALD, #304010 　　Plaintiff, | * |
| v. | *   CIVIL ACTION NO. PJM-06-83 |
| WARDEN 　　Defendant. | * |
| | *** |

**MEMORANDUM OPINION**

On December 27, 2004, Paul McDonald filed a civil rights complaint alleging, in part, that he was assaulted by guards at the Roxbury Correctional Institution ("RCI") on November 6, 2004. *See McDonald v. Sowers, et al.*, Civil Action No. PJM-04-4035 (D. Md.). On June 20, 2005, this Court granted Defendants' Motion for Summary Judgment. The case is currently on appeal before the United States Court of Appeals for the Fourth Circuit.

McDonald subsequently mailed two letters to a federal circuit court judge on or about January 4, 2006. The correspondence was forwarded to the Clerk of this Court and construed and instituted as a 42 U.S.C. § 1983 complaint on January 11, 2006. Therein, Plaintiff claims that: (i) he was subject to a guard assault at RCI on November 6, 2004; (ii) he was subject to a retaliatory transfer to the Western Correctional Institution ("WCI"), which was built on a toxic section of land; (iii) he has been threatened by WCI Officer Duerr; (iv) he is being denied his property and legal materials to write the courts; and (v) he was placed in a segregation cell due to his refusal to take a tuberculin skin test. For reasons to follow, the complaint shall be subject to summary dismissal without prejudice.

Under the doctrine of res judicata, or claim preclusion, a final decision on the merits of an action precludes the parties or their privies from re-litigating issues that actually were raised or could have been raised in that action. *See Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984). Moreover, the doctrine of collateral estoppel, or issue preclusion, operates to prevent re-litigating matters determined in a prior proceeding. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.4 (1979). In effect, it prevents a plaintiff from asserting a claim that he had previously litigated against another defendant. Collateral estoppel may be used as a bar if a plaintiff had a full and fair opportunity to litigate the issues in the previous suit; mutuality of the parties is not required. *See Blonder-Tongue Labs., Inc. v. University of Illinois Found.*, 402 U.S. 313 (1971); *Thurston v. United States*, 810 F.2d 438 (4th Cir. 1987). Under these doctrines, Plaintiff may not relitigate his claims against RCI officers regarding the alleged November 6, 2004 guard assault.

To the extent that Plaintiff complains about his transfer to WCI from RCI, alleging the movement was retaliatory in nature, his claim shall be dismissed without prejudice. First, Plaintiff's claim of retaliation is fairly conclusory in nature. Moreover, Plaintiff has failed to show how his transfer from one medium security facility to another has placed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."[1] *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Next, insofar as Plaintiff wishes to challenge the conditions of his confinement, his lack of access to his property and legal writing materials, and "threats" by Officer Duerr, his complaint is subject to dismissal for the failure to exhaust administrative remedies. Under 42 U.S.C. § 1997e,

---

[1] The Court finds Plaintiff's claims that WCI was built on a toxic waste site and that the land is unsafe for habitation incredible and unsupported by evidence.

2

no action shall be brought by a prisoner with respect to claims of prison conditions under 42 U.S.C. § 1983, or any other Federal law, until he or she has exhausted available administrative remedies. *See also Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001); *Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

Section 1997e's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530. In Maryland, filing a request under the administrative remedy procedure ("ARP") with the Warden of the prison in which one is incarcerated is the first of three steps in the ARP process provided by the Division of Correction to its prisoners. If this request is denied, a prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann., Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code, Title 12 § 07.01.03.

Plaintiff provides no evidence showing that he has exhausted his remedies with regard to any conditions of confinement claim related to his segregation assignment. This claim shall therefore be dismissed without prejudice.

Finally, this Court has previously held that the regulation and practice of placing Maryland Division of Correction inmates who refuse to submit to a PPD tine or intradermal test for tuberculosis in medical segregation was constitutional, as the test was minimally intrusive and related to legitimate prison management goal of protecting other inmates and staff and placement in medical segregation was reasonable. *See Westbrook v. Wilson*, 896 F.Supp. 504, 504-05 (D. Md.

1995).[2]  Consequently, the undersigned finds no constitutional support for Plaintiff's general challenge to the use of the tuberculin test and his assignment to segregation for the refusal to submit to it.  His complaint with regard to his assignment to "medical" segregation is hereby dismissed.

Accordingly, a separate Order shall be entered dismissing Plaintiff's assault claim.  His remaining claims shall be dismissed without prejudice.

Date:   1/31/06                           /s/
                                 PETER J. MESSITTE
                                 UNITED STATES DISTRICT JUDGE

---

[2]   The United States Court of Appeals for the Fourth Circuit affirmed the decision.  *See Westbrook v. Wilson*, 64 F.3d 661, 1995 WL 479897 (4th Cir. August 15, 1995).